IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 26-cv-00846-NYW

WILBER ALEXANDER SALMERON,

    Petitioner,

v.

JUAN BALTASAR, in his official capacity;
ROBERT HAGAN, in his official capacity;[1]
TODD LYONS, in his official capacity;
KRISTI NOEM, in her official capacity; and
PAMELA BONDI, in her official capacity;

    Respondents.

_____

## ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], filed by Petitioner Wilber Alexander Salmeron ("Petitioner"). Petitioner is a noncitizen who is currently detained at ICE's Denver Contract Detention Facility in Aurora, Colorado. *See* [Doc. 1 at ¶¶ 2, 7]. He seeks, among other things, a Court order instructing Respondents to release him. [*Id.* at 12]. He also seeks a Court

---

[1] Petitioner names Robert Guadian ("Mr. Guadian") as a Respondent in his official capacity as Field Office Director for the Denver Field Office of United States Immigration and Customs Enforcement ("ICE"). [Doc. 1 at ¶ 26]. This Court takes judicial notice that as of late October 2025, Mr. Guadian is no longer the Field Office Director for ICE's Denver Field Office. *See* Seth Klamann, *Denver's Top ICE Official Says He Was Reassigned to Virginia*, Denv. Post (Oct. 30, 2025, at 06:38 PM MDT), https://www.denverpost.com/2025/10/30/colorado-immigrations-enforcement. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Robert Hagan for Robert Guadian as a Respondent in this action. *See Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at n.1 (D. Colo. Jan. 6, 2026) (this Court ordering the same substitution).

order enjoining Respondents from transferring him outside of the District of Colorado while the Petition is pending. [*Id.* at 13].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition and the Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **March 6, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance. Within **three days of service**,[2] Respondents shall **RESPOND** to the Motion and **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Petitioner **MAY FILE** a reply brief within **seven days of the response**.

In addition, the All Writs Act provides, in pertinent part, that:

---

[2] The Court typically allows seven days for a response. But upon review of the Petition, the Court finds that a truncated briefing schedule is appropriate. Petitioner alleges that he received a Bona Fide Determination ("BFD") on his U visa application, which also granted him deferred action. [Doc. 1 at 10]. *See generally Bruno v. Dir. of U.S. Citizenship & Immigr. Servs.*, 791 F. Supp. 1249, 1254–55 (D. Colo. 2025) (this Court summarizing the U visa and BFD framework). "Deferred action" means that, as an "exercise in administrative discretion," "no action will thereafter be taken to proceed" with an applicant's removal. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 484 (1999) (quotation omitted). Based on these allegations, it is entirely unclear what legal authority justifies Respondents' continued detention of Petitioner "pending appeal," let alone what legal basis they had to detain him in the first place. [Doc. 1 at ¶ 4]. Given Petitioner's significant liberty interest in avoiding arbitrary and unlawful detention, the Court imposes an expedited briefing schedule, and no extensions will be permitted.

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it."  *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.  *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  March 4, 2026                                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge