**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00846-NYW

WILBER ALEXANDER SALMERON,

     Petitioner,

v.

JUAN BALTASAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,[1]
TODD LYONS, in his official capacity,
KRISTI NOEM, in her official capacity,
PAMELA BONDI, in her official capacity, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

     Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. The Petition is fully briefed. [Doc. 7; Doc. 8]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED**.

**BACKGROUND**

Petitioner Wilber Alexander Salmeron ("Petitioner" or "Mr. Salmeron") is a citizen of El Salvador who has been present in the United States since 2016. [Doc. 1 at ¶ 7]. He was detained by ICE officers on November 15, 2025. [*Id.* at ¶¶ 2, 11]. On January 17, 2026, Petitioner's removal proceedings were terminated by an immigration judge. [*Id.* at ¶ 13]; *see also* [Doc. 1-2 at 7–9]. By regulation, the Department of Homeland Security

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted into this case as the acting Field Office Director of the Aurora Field Office.

("DHS") had 30 days to appeal that decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.38(b).  But the immigration judge's order erroneously stated that the deadline to appeal was February 18, 2026—32 days later.  [Doc. 1-2 at 9].  DHS did not file its appeal until that day and moved for the BIA to accept the "late filing."  [Doc. 8-1 at 3–4].  Petitioner remains detained in the Aurora ICE Processing Center in Aurora, Colorado.  [Doc. 1 at ¶ 2].  He has not received a bond hearing.  [*Id.* at ¶ 24].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b).  *See* [Doc. 7 at 2].  Petitioner argues that he cannot be detained at all, because he has no final removal order and his removal proceedings terminated when DHS failed to file a timely appeal.  [Doc. 1 at ¶¶ 34–39; Doc. 8 at 3–7].  Alternatively, Petitioner disputes the Government's interpretation of § 1225(b) and contends that, if he can be detained, it must be under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing.  [Doc. 1 at ¶¶ 40–42; Doc. 8 at 2–3, 5–6].

The Petition asserts two claims for relief:  (1) one count asserting that Mr. Salmeron's detention violates the Immigration and Nationality Act ("INA") ("Count One"), [*id.* at ¶¶ 32–42]; and (2) one count asserting that Mr. Salmeron's detention violates his Fifth Amendment due process rights ("Count Two"), [*id.* at ¶¶ 43–59].  Mr. Salmeron asks this Court to, among other things, issue a writ of habeas corpus requiring Respondents to release him.  [*Id.* at 13].  He also asks the Court to grant any other relief it deems appropriate.  [*Id.* at 18].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept.

16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Salmeron's claims turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to immediate release or a bond hearing under § 1226(a).  The Court summarizes the statutory framework before turning to the claims asserted in this case.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'"  *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to

certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2] Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents assert that "Petitioner does not qualify for detention under § 1225(b)(1)" and do not argue that he is detained under this subsection, *see* [Doc. 12 at 7], so the Court does not substantively address detention under this subsection.

§ 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Statutory Claim

The Court's analysis begins with Count One, the statutory claim.

### A.    Whether Petitioner's Removal Proceedings Are Pending

Mr. Salmeron first argues that he cannot be detained under § 1225(b) or § 1226(a), because his removal proceedings were no longer "pending" once DHS failed to file a timely appeal with the BIA.  [Doc. 1 at ¶¶ 37–39; Doc. 8 at 4–7].  This argument relies on the BIA's decision in *Matter of Liadov*, which held that the 30-day deadline for an appeal is a jurisdictional requirement.  23 I & N Dec. 990, 993 (B.I.A. 2006) ("Neither the statute nor the regulations grant us the authority to extend the time for filing appeals.  We therefore do not agree . . . that we have the authority to extend the appeal time."); *see* [Doc. 8 at 4–5].  But the BIA has subsequently overturned *Liadov* and held that the 30-day time limit in 8 C.F.R. § 1003.38(b) "is a claim-processing rule and not a jurisdictional provision."  *Matter of Morales-Morales*, 28 I & N. Dec. 714, 716 (B.I.A. 2023).  BIA thus has "authority to accept what are otherwise untimely appeals" where the appealing party can establish equitable tolling.  *Id.*

Here, there is no indication in the record that BIA has ruled on DHS's motion to accept its untimely appeal of the order terminating Mr. Salmeron's removal proceedings. As Petitioner concedes, the immigration judge's termination order will become final only "[i]f the BIA ultimately rejects DHS's late filing."  [Doc. 8 at 5].  And the Court lacks jurisdiction to review the propriety of DHS's untimely appeal or evaluate its entitlement to equitable tolling.  *See* 8 U.S.C. § 1252(a)(5), (b)(9) (limiting jurisdiction to review removal

proceedings to petition for review filed with a court of appeals); *see also, e.g.*, *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014) (finding no "statutory or common-law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings" (cleaned up)).    In light of the BIA's decision in *Morales-Morales* and the limits on this Court's subject matter jurisdiction, the Court concludes that it must treat Petitioner's removal proceedings as "pending" for purposes of § 1225(b) and § 1226(a), unless and until the BIA denies DHS's motion to accept its late appeal.

### B.    Whether Petitioner Is Subject to Mandatory Detention Under § 1225(b)

Respondents argue that Mr. Salmeron is an "applicant for admission" under the INA, triggering § 1225(b)(2)(A)'s mandatory detention provision and rendering Petitioner unentitled to a bond hearing.  *See* [Doc. 12 at 2–4].

This Court, following the clear weight of persuasive authority, has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3]   In *Loa*

---

[3] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission."  *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

*Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Salmeron, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it claimed that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)).

The Court also explained that interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 7 at 2], and provide no persuasive reason for the Court to depart from the conclusion it reached in that case. Nor has the Tenth Circuit yet

addressed the issue. And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will lead the Court to the same conclusion here. [Doc. 7 at 3–4].

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have failed to provide Mr. Salmeron with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).

## III.    Application to Due Process Claim

The Court next considers Count Two, the due process claim. Having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. And as explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, --- F. Supp.

3d ----, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026).  The Court will **GRANT** the Petition as to Counts One and Two.

## IV.    Appropriate Remedy

In the Petition, Mr. Salmeron requests that this Court order him immediately released.  [Doc. 1 at 12].  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez*, 2025 WL 2996643, at *8. This Court—again following the clear weight of persuasive authority—has held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a).  *See, e.g., Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.  Thus, the Court will order Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community," *Loa Caballero*, 2025 WL 2977650, at *9.

Given the constitutional interests at stake, the Court also finds it appropriate to address what burden of proof will apply at the hearing.  Although the Parties do not cover this issue in their briefing, the Court has previously considered the issue in the absence of substantive briefing, and it will do the same here.  *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025).  And as in previous cases, the Court concurs with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225.  *See Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g., Garcia Abanil*, 2026 WL 100587, at *8 ("[T]he weight of authority in this District

is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)).  *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case).   The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **March 26, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.  <u>In addition, should the BIA deny DHS's motion to file a late appeal, Respondents shall immediately release Petitioner without any further order of this Court</u>.**  On or before **April 2, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; (2) the status of DHS's appeal before the BIA; and (3) whether any additional proceedings in this matter are required.[4]

---

[4] Petitioner also asks the Court to award him attorney's fees under the Equal Access to Justice Act.   [Doc. 1 at 13].   However, this District's Local Rules require that those requests be made by separate motion.   *See* D.C.COLO.LCivR 54.3.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **March 26, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.  <u>In addition, should the BIA deny DHS's motion to file a late appeal, Respondents shall immediately release Petitioner without any further order of this Court</u>**; and

(3)    On or before **April 2, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; (2) the status of DHS's appeal before the BIA; and (3) whether any additional proceedings in this matter are required.

DATED:  March 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge